**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN T. SHIPP,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Case No.:2010-64** |
| | * | |
| **ESM ENTERPRISES, INC. d/b/a** | * | |
| **CHECK ASSIST and TOM THUMB** | * | |
| **FOOD STORES, INC.** | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT

COMES NOW the Plaintiff, John T. Shipp, (hereafter "Plaintiff") by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees arising from collection actions against Plaintiff on a debt which was not owed by Plaintiff. Plaintiff brings claims against Defendant ESM Enterprises pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1693, as well as claims for negligence and wantonness. Plaintiff also asserts claims against Defendant Tom Thumb for defamation, negligence and wantonness.

### JURISDICTION

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367. This court has pendant jurisdiction over the state law claims asserted herein.

### PARTIES

3.      Plaintiff is a natural person and resident of Mobile County, Alabama.

4.      Defendant ESM Enterprises ("ESM") d/b/a Check Assist, is a corporation formed under the laws of the State of Florida and has its principal place of business in the State of Florida.

5.      Defendant Tom Thumb Food Stores, Inc., is a corporation formed under the laws of the State of Florida and has its principal place of business in the State of Florida.

## FACTS

6.      Sometime in or after June 2008, Defendant Tom Thumb contacted Defendant ESM and provided information to ESM indicating that Plaintiff had written several bad checks to the Tom Thumb station located in Stapleton, Alabama. Plaintiff has never written a check to Defendant Tom Thumb. The information provided by Tom Thumb to ESM was false and Tom Thumb knew, or should have known, that the information was false. Relying on the information provided by Tom Thumb, ESM began collection activities against Plaintiff. These activities included reporting information to third-parties, including consumer reporting agencies, indicating that Plaintiff had written multiple bad checks at the Tom Thumb store in Stapleton. This resulted in the reporting of at least eight separate "collection" derogatory tradelines by consumer reporting agencies, including Equifax, falsely indicating that Plaintiff had written bad checks to Tom Thumb on at least eight different occasions.

7.      At no time prior to reporting this information to third-parties did ESM provide any written notice to Plaintiff of collection actions taken against him or of his right to dispute that he owed the debt.

8.      Plaintiff has suffered damages as a result of the actions taken by Defendants.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

9.      Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

10.     This is a claim asserted against ESM for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

11.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.     Defendant ESM is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13.     Defendant has violated the FDCPA in connection with its attempts to collect a debt against Plaintiff. Defendant's violations include, but are not limited to, the following:

a.      Making repeated attempts to collect upon a debt without notifying Plaintiff that he

2

has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

b.     Communicating false credit information to third parties, including consumer reporting agencies. This is a violation of 15 U.S.C. § 1692e(8); and

c.     Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1).

14.     Some or all of the actions taken by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

15.     As a proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to his credit and reputation.

16.     As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant ESM for the following:

A.     Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;

B.     Statutory damages pursuant to 15 U.S.C. 1692k;

C.     Declaratory judgment that Defendant's conduct violated the FDCPA;

D.     Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

E.     Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (Negligence)

17.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

3

18.     At all relevant times, ESM owed a duty to Plaintiff to conduct reasonable collection efforts and to employ lawful means in its attempts to collect a debt against Plaintiff. This duty includes a duty to take reasonable steps to assure that the information provided to third-party providers is accurate. ESM has breached its duty owed to Plaintiff. The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute negligence. Plaintiff suffered damage as a proximate result of Defendant's negligence.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
(Wantonness)

19.  Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

20.  The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FOUR
(Defamation - Tom Thumb)

21.  Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

22.     Tom Thumb published false and defamatory information to third parties, including

4

ESM, to the effect that Plaintiff had written bad checks. This false and defamatory information was published on multiple occasions to third parties including, but not limited to, Equifax and to persons or entities who accessed Plaintiff's credit file, including all Plaintiff's potential lenders.

23.     The written publications by Defendants constitute liable per se.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Tom Thumb for defamation and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FIVE
### (Negligence - Tom Thumb)

24.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

25.     At all relevant times, Tom Thumb owed a duty to Plaintiff to take reasonable steps to assure that information provided to collection agencies was accurate. ESM has breached its duty owed to Plaintiff. The actions taken by the Tom Thumb regarding Plaintiff constitute negligence. Plaintiff suffered damage as a proximate result of Defendant's negligence.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Tom Thumb for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT SIX
### (Wantonness - Tom Thumb)

26.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

27.     The actions taken by the Defendant Tom Thumb in attempting to collect the alleged debt against Plaintiff and in providing false information to others regarding Plaintiff constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for the

5

Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.


**TRIAL BY JURY IS DEMANDED**.

KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kjr@alaconsumerlaw.com


**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESSES:**

ESM Enterprises d/b/a Check Assist
c/o Gary W. Huston, Reg Agent
125 W Romana, Suite 800
Pensacola, FL 32501

Tom Thumb Food Stores, Inc.
c/o James A. McCarthy, Jr.
97 W. Okeechobee Road
Hialeah, FL 33010